MAYALL HURLEY P.C.
ROBERT J. WASSERMAN (SBN: 258538)
rwasserman@mayallaw.com
WILLIAM J. GORHAM (SBN: 151773)
wgorham@mayallaw.com
NICHOLAS F. SCARDIGLI (SBN: 249947)
nscardigli@mayallaw.com
JOHN P. BRISCOE (SBN: 273690)
jbriscoe@mayallaw.com
RACHAEL ALLGAIER (SBN: 318664)
rallgaier@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 473-4818

**FILED**

JUN 15 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

Attorneys for Plaintiff Ronald Coleman and the Putative Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD COLEMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>APL LOGISTICS WAREHOUSE MANAGEMENT SERVICES, INC., a corporation;<br><br>Defendant. | Case No.: 2:19-CV-01144-JAM-KJN<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:       June 16, 2020<br>Time:      1:30 p.m.<br>Dept.:     Department 6, 14th Floor<br>Judge:    Hon. John A. Mendez |

     Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Motion") came ~~on for hearing on June 16, 2020 at 1:30 p.m.~~ before the before the Honorable John A. Mendez in Department 6, 14th Floor, of the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814. The Court, having considered the papers submitted in support of the motion, HEREBY ORDERS THE FOLLOWING:

     1.     The Court grants preliminary approval of the settlement based on the terms set forth in the executed Stipulation of Class Action Settlement and Release ("Stipulation of Settlement" or "Settlement"), attached as Exhibit 1 to the Declaration of John P. Briscoe in

Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.  The Court finds that the terms of the Settlement are fair, adequate, and reasonable to the Class.

2. This Order incorporates by reference the definitions in the Settlement, and all capitalized terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

3. The Court finds that the Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and Final Approval by this Court.

4. The Court preliminarily finds that extensive investigation and research have been conducted, such that counsel for the Parties are able to reasonably evaluate their respective positions.  The Court preliminarily finds that the Settlement will avoid substantial additional costs to all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.  The Court preliminarily finds that the Settlement has been reached as the result of intensive, serious, and non-collusive arms-length negotiations, and has been entered into in good faith.  The assistance of an experienced mediator in the settlement process further confirms that the Settlement is non-collusive.  Finally, the Court has reviewed the monetary recovery that is being granted as part of the Settlement and preliminarily finds that the monetary settlement awards made available to the members of the Settlement Class are fair, adequate, and reasonable when balanced against the potential risks of further litigation relating to certification, liability, and damages issues.

5. The following Class is preliminarily certified for settlement purposes only:

> All current and former hourly employees of APL Logistics Warehouse Management Services, Inc. who worked in the State of California and were paid and whose wage statements included Differential Pay or Premium Pay at any time from June 21, 2018 through July 12, 2019.

6. The Court preliminarily finds that, for settlement purposes only, the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3), except manageability.  Because certification of the Class is proposed in the context of a settlement, the Court need not

---
[Proposed] Order Granting Preliminary Approval of Class Action Settlement
Page 2 of 6

1  inquire wither the case, if tried as a class action, would present intractable management problems.
2  With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the
3  following findings: (a) the Class, which has approximately 400 members, satisfies the standard
4  for numerosity in Fed. R. Civ. P. 23(a)(1); (b) there are questions of law and fact that are common
5  to the Class regarding Defendant's furnishing of wage statements to its California hourly
6  employees who received and whose wage statements included differential pay or premium pay,
7  thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2); (c) Plaintiff's claims
8  meet the typicality requirement because Plaintiff is a California hourly employee who received
9  and whose wage statements included differential pay or premium pay, thereby satisfying the
10 standard for typicality in Fed. R. Civ. P. 23(a)(3); (d) the Court finds that Plaintiff Ronald
11 Coleman will fairly and adequately protect the interests of the members of the Class, and appoints
12 him as representative of the Class; (e) the Court finds that Mayall Hurley P.C. is qualified to act
13 as counsel for the Plaintiff in his individual capacity and as the representative of the Class, and
14 for the Class, and will fairly and adequately represent the Class, and appoints Mayall Hurley P.C.
15 as Class Counsel; and (f) the Court finds for purposes of settlement only, common questions of
16 law and fact predominate over individualized issues and further finds that certification of the
17 Settlement class appears to be superior to other available methods for the fair an efficient
18 resolution of the claims of the Settlement Class.

19    7.    The Court provisionally appoints Phoenix Settlement Administrators as the
20 Settlement Administrator.

21    8.    The Court finds both as to form and content, the Notice of Class Action Settlement
22 ("Notice"), which is attached as Exhibit 2 to the Declaration of John P. Briscoe, comports with
23 Fed. R. Civ. P. 23 and all Constitutional requirements including those of due process. The Court
24 finds that the Notice fully and accurately informs the Class Members of all material elements of
25 the Settlement, of the Class Members' right to be excluded from the Settlement by submitting a
26 Request for Exclusion, and of each Class Member's right and opportunity to object to the
27 Settlement. The Court further finds that the dates and process selected for the mailing and
28 distribution of the Notice meet the requirements of due process, provide the best notice

practicable under the circumstances, and constitute constitutionally due and sufficient notice to all persons entitled thereto.

9. The Court directs the mailing of the Notice and related documents to the Class Members by First-Class U.S. Mail, pursuant to the terms set forth in the Settlement and this Order.

10. The Court hereby preliminarily approves the proposed procedure for requesting exclusion from the Settlement. Any Class Member may choose to be excluded from the Settlement as provided in the Notice and set forth in the Settlement. Any such person who chooses to be excluded from, and opt out of the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object to, appeal from, or comment thereon. Class Members who have not submitted a valid and timely Request for Exclusion shall be bound by the Settlement Agreement and the contemplated judgment to be entered based thereon.

11. Within fifteen (15) business days after the Court issues the Preliminary Approval Order, Defendant shall provide to the Settlement Administrator the Class Data, as specified in the Settlement.

12. Within fourteen (14) calendar days of receiving the Class Data from Defendant, the Settlement Administrator shall mail the Notice in the manner specified in the Settlement.

13. The Court orders that any Request for Exclusion from the Settlement must be postmarked no later than forty-five (45) days after the Notice is initially mailed the Class Members, and must be received by the Settlement Administrator to be valid.

14. If more than five percent (5%) of the total number of Class Members submit timely and valid Requests for Exclusion, Defendant shall have the option to cancel the Settlement in its sole discretion. To exercise this option, Defendant must send written notice to Class Counsel within fifteen (15) days of receiving a report from the Settlement Administrator informing Defendant that the total number of timely and valid Opt-Out Requests is more than five percent (5%) of the Class Members.

15. Any Class Member who does not timely and validly request exclusion via submission of a Request for Exclusion, may object to the Settlement. Any objection must be in writing, include the Settlement Class Member's full name and signature, the last four digits of their Social Security Number and/or Employee ID number, the reasons for the objection, whether the Settlement Class Member intends to appear at the Final Approval Hearing. To be timely, the objection must be postmarked no later than forty-five (45) days after the Notice is initially mailed to the Class. Any Settlement Class Member who does not timely submit such a written objection will not be permitted to raise such objection, except for good cause shown, and any Settlement Class Member who fails to object in the manner prescribed in this Order will be deemed to have waived, and will be foreclosed from raising, any such objection.

16. A Final Approval Hearing shall be held before this Court on _September 15, 2020_ at _1:30 p.m_ (Pacific Time) in Dept. 6, 14th Floor of the United States District Court, Eastern District of California, 501 I Street, Sacramento, CA 95814, to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order, and to consider the application of Class Counsel for an award of reasonable attorneys' fees and costs incurred and the proposed Enhancement Payment to the Class Representative. All briefs and materials in support of the Motion for an Order Granting Final Approval of Class Action Settlement and Entering of and Judgment and Application or Motion for Attorneys' Fees and Costs shall be filed with this Court on or before _August 25, 2020_.

17. Any party to this case, including any Class Member, may be heard in person or by counsel, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed Settlement, the requested attorneys' fees and costs, the requested Enhancement Payment to the Class Representative, and any order of Final Approval and Judgment regarding such Settlement, fees, costs, and payment; provided, however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice and Settlement.

18. The Settlement is not a concession or admission, and shall not be used against Defendant as an admission or indication with respect to any claim of any fault or omission by Defendant. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted into evidence as, received as, or deemed to be in evidence for any purpose adverse to Defendant, including, but not limited to, evidence of a presumption, concession, indication, or admission by Defendant of any liability, fault, wrongdoing, omission, concession, or damage.

19. In the event the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement is not finally approved, or is terminated, cancelled or fails to become effective for any reason, this Order shall be rendered null and void, shall be vacated, and the Parties shall revert back to their respective positions as of before entering into the Settlement Agreement.

20. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated: June 15, 2020   By: _____
Honorable John A. Mendez
United States District Judge