UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD COLEMAN, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APL LOGISTICS WAREHOUSE MANAGEMENT SERVICES, INC., a corporation,<br><br>　　　　Defendant. | Case No.  2:19-CV-01144-JAM-KJN<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT** |

Plaintiff's Motion for Final Approval of the Class Action Settlement came before this Court on October 13, 2020. The Court having read and considered Plaintiff's Motion for Final Approval of Class Action Settlement, Plaintiff's Motion for Approval of Attorneys' Fees and Costs, and the supporting documents and exhibits annexed thereto including the Declarations of John P. Briscoe and Elizabeth Kruckenberg, now finds and orders as follows:

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AND DECREED THAT:**

1. All terms used herein shall have the same meaning as defined in the Stipulation of Class Action Settlement and Release of Claims (the "Agreement" or "Settlement Agreement").

2. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including the Settlement Class Members.

3. The Court finds and determines that the Class, as conditionally certified by the Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement meets all the requirements for class certification for settlement purposes under the Fed. R. Civ. P. 23(a) and 23(b)(3) and it is ordered that the Class is finally certified for settlement purposes only. The Class is defined as:

> All current and former hourly employees of APL Logistics Warehouse Management Services, Inc. who worked in the State of California and were paid and whose wage statements included Differential Pay or Premium Pay at any time from June 21, 2018 through July 12, 2019.

4. The Court finds that the Notice of Class Action Settlement and notice methodology as set forth in the Settlement Agreement has been completed in conformity with the Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement. The Notice of Class Action Settlement complies with Fed. R. Civ. P. 23(c)(2)(B). It constituted the best practicable notice; was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlement and their right to appear at the Final Approval Hearing; and was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.

5. The Court finds that the settlement set forth in the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and in the best interest of each of the Parties and the Class

Members, and is hereby finally approved in all respects. It appears to the Court that sufficient investigation, research and discovery have been conducted such that counsel for the Parties are reasonably able to evaluate their respective positions.  It further appears to the Court that the Settlement will avoid substantial additional costs by all parties, as well as the delay and risk that would be presented by further prosecution of the Action.  It further appears to the Court that the Settlement has been reached after a mediation with an experienced mediator and is the result of intensive, non-collusive, arm's-length negotiations.

6. The Parties are directed to perform the settlement as described in the Settlement Agreement according to its terms and provisions.

7. The Settlement Agreement is binding on Plaintiff and all other Class Members, except those who timely and properly submitted a Request for Exclusion, as well as their heirs, executors and administrators, successors and assigns. Pursuant to the Settlement Agreement, upon the Effective Date of the Settlement, Plaintiff and each member of the Settlement Class as well as their heirs, executors and administrators, successors and assigns are deemed to have fully released and discharged all Released Claims and are permanently barred from filing or prosecuting any of the Released Claims against the Released Parties.

8. There have been submitted three (3) valid and timely Requests for Exclusion. The persons that opted out of the Settlement are Enoc Lopez, Thyda Nop, and Jerry T. Yu.

9. The Court hereby finds that Plaintiff and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.  The Court hereby confirms Mayall Hurley P.C. as Class Counsel in the Action.

10. The Court hereby finds the unopposed application or motion of Class Counsel for a costs and attorneys' fees award provided for under the proposed Settlement to be fair and reasonable in light of all the circumstances and is hereby granted.  Of the Gross Settlement Amount, $45,828.75 shall be paid for attorney fees and $6,629.16 shall be paid for litigation costs in accordance with the terms of the Settlement.

11. The Court approves the PAGA Penalties in the amount of Five Thousand Dollars ($5,000.00).  The court approves 75% or $3,750 of the PAGA Penalties to be remitted to the

California Labor and Workforce Development Agency. The Court approves and directs the remaining 25% or $1,250.00 of the PAGA Penalties to be distributed to the Settlement Class Members as part of the Net Settlement Amount.

12. The unopposed application of Class Counsel for a Class Representative Enhancement Payment is hereby granted. Of the Gross Settlement Amount, a Three Thousand Dollar ($3,000.00) Service Payment shall be allocated to Named Plaintiff Ronald Coleman in accordance with the terms of the Settlement.

13. The unopposed application of Class Counsel for claims administration fees to Phoenix Settlement Administrators is hereby granted. Of the Gross Settlement Amount, $9,000 shall be paid for Settlement Administration Costs in accordance with the terms of the Settlement.

14. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement.

15. The Settlement Agreement is not an admission by Defendant, nor is this Final Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Final Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

16. Final Judgment is hereby entered pursuant to the terms of the Settlement.

17. Without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the Settlement Class, as well as the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the interpretation, consummation, enforcement, or implementation of the Settlement not resolved by the Claims Administrator shall be presented by motion to the Court; provided however, that nothing in this Part shall restrict the ability of the Parties to exercise their rights to terminate the Settlement pursuant to the terms of the Settlement Agreement.

18. The Court hereby dismisses the Action (including all individual claims and Released Claims presented thereby) with prejudice, without fees or costs to any party except as provided by the Settlement.

| DATED: October 13, 2020 | /s/ John A. Mendez |
| --- | --- |
|  | THE HONORABLE JOHN A. MENDEZ<br>UNITED STATES DISTRICT COURT JUDGE |

5.

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND ENTERING JUDGMENT